IN THE UNITED STATES BANKRUPTCY COURT **FILED**
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION          2016 OCT 19  AM 11: 34

| | | |
|---|---|---|
| In re Don Acquana Wade | § | CLERK |
| | § | U.S. BANKRUPTCY COURT |
| | § | BY_____ |
| Don Acquana Wade | § | DEPUTY |
| Plaintiff, | § | CASE NUMBER : 16-51899-R-rbk| |
| | § | CHAPTER 13 |
| v. | § | **16 - 5083** |
| | § | ADVERSARY NO.:_____ |
| HOUSEHOLD FINANCE CORP. II, | § | |
| Defendant. | § | COMPLAINT AND REQUEST |
| | § | FOR INJUNCTION AND MONETARY |
| | | DAMAGES |

## PARTIES TO THE COMPLAINT

1.    Don Acquana Wade, Plaintiff in this action, (hereinafter Wade), is a man who lives in

Dale, Texas

2.    Defendant in this action is Household Finance Corporation II, and can be served with

process by CT Corp. System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

## NARRATIVE STATEMENT

3.    Plaintiff has suffered damage inflicted by Household Finance Corp. (hereinafter HFC)

who have engaged in wrongful taking, authority to proceed against him, and have engaged in

forgery and fraud in order to take property which was never pledged.

## JURISDICTION

4.    This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. §157(c)(I), 28

U.S.C.§ 1331, and 42 U.S.C. §1983.

## COURT ACTIONS AND INJUNCTIVE RELIEF

**5.**     Federal District courts "have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States", and 28 U.S.C. §2201, which authorizes

declaratory judgments.  "It is established practice for the Supreme Court to sustain the

jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the

Constitution." *Bell v. Hood,* 327 U.S. 678, 684 (1946; *Free Enter.Fund v. Pub. Co. Accounting*

*Oversight Bd.,* 561 U.S.477, 491 n.2 (2010).  "Injunctive relief has long been recognized as the

proper means for preventing entities from acting unconstitutionally." *Corr.Servs.Corp. v.*

*Malesko,* 534 U.S. 61, 74 (2001).

## BACKGROUND AND HISTORY

**6.**     In 2005, Wade contracted with HFC for a loan on 3.46 acres of property.

**7.**     HFC, when it filed its Deed of Trust into public record attached "Exhibit A".

**8.**     Exhibit A was a metes and bounds description on 90 acres in Caldwell County, Texas.

**9.**     HFC engaged in forgery when it represented 3.46 acres to be 90 acres.

**10.**     Wade did not own 90 acres of land in Caldwell County, Texas when he executed the loan.

**11.**     HFC breached the contract after its execution by not crediting payments made by Wade.

**12.**     After exhausting administrative remedy, Wade notice HFC that he rescinded the contract.

**13.**     Wade rescinded the contract less than three years after its execution.

**14.**     In 2009, HFC was awarded an order to foreclose on 90 acres, part belonging to Wade.

**15.**     In 2009, HFC accelerated the note.

**15.**     In 2014, HFC foreclosed on 90 acres.

**16.**     HFC was estopped from foreclosure because the four year statute of limitations had

begun to accrue.

17.    HFC is attempting to execute a Writ of Possession on 90 acres.

18.    The attorney for HFC, on October 11, 2016 stated in court that "HFC is not a creditor to Wade."

19.    The attorney for HFC, on October 11, 2016 stated in court that "HFC wanted to take possession of its 90 acres."

20.    HFC cannot take possession of that which it never owned.

## CAUSES OF ACTIONS

### CLAIM 1

21.    HFC committed fraud when it filed the Deed of Trust into public record which Exhibit A attached which described 90 acres.

22.    At the time Wade executed the loan, he owned 34.69 acres.

23.    HFC forged documents and filed them into public record claiming to encumber more than Wade owned.

24.    Wade claims this is an act of fraud and vitiates any actions which followed from the forgery.

### CLAIM 2

25.    HFC executed a wrongful foreclosure in November of 2014.

26.    HFC sat on its rights for over four years after it claimed acceleration and received an order to foreclose in 2009.

27.    HFC committed wrongful foreclosure.

28.    HFC is not entitled to a Writ of Possession for 90 acres of land in Caldwell County.

### CLAIM 3

29.    HFC never conducted a survey before it issued a loan on Wade's property.

3

30.     HFC did not obtain a title policy, which it must, before issuing the loan on Wade's property.

31.     HFC could not rely on public record for a description of Wade's property because he had sold over 55 acres since the 90 acre description was made part of public record.

32.     After selling each parcel of land, that parcel was surveyed when conveyed from Wade to the new owner.

33.     After selling the 4 parcels, the appraisal district merely subtracted the number of acres in the new surveys from the 90 acres Wade once owned in order to calculate the amount of land on which Wade would be taxed.

34.     The Caldwell County tax records reflect the fact that Wade had not owned 90 acres for a number of years before he ran across HFC.

35.     HFC would not claim it held a lien on 90 acres of land, it was a legal impossibility.

36.     HFC injured Wade when it forged and filed for public record a lien which it did not hold.

**REQUEST FOR REMEDY**

31.     HFC committed gross negligence, if not violation of federal law when it filed a forged document asserting a lien on property over which it had no control.

32.     HFC committed wrongful foreclosure when it foreclosed on property it did not own and which was barred by the four year statute of limitations.

33.     Wade asks this court to strike the order that Wade's claim is moot which was issued on October 22, 2016.

34.     Wade asks that this court order HFC to produce for the record the survey which was conducted on Wade's property in 2005, or in the alternative, the title policy which HFC took out on 90 acres when it made a loan on March 28, 2005.

35.     Wade asks this court to have HFC provide evidence that it was not barred by the four year statute of limitations from foreclosing on Wade's property.

After the evidence is provided to the court, Wade requests this court to make a ruling that HFC never was entitled to foreclose on 90 acres, that HFC could not foreclose more than four years after acceleration of the note, that HFC may not execute on its writ of possession and that HFC committed fraud by filing forged documents and has no claim or title to any of Wade's land.

After all the evidence is assessed and determined by the court, Wade asks for compensatory damages for the injuries HFC has inflicted on him.

Respectfully submitted,

Don A. Wade
Boulder Lane
Dale, Texas 78616