# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re Don Acquana Wade** | § | Case Number: 16-51899 |
| | § | Chapter 13 |
| **Don Acquana Wade** | § | |
|     Plaintiff, | § | Adversary No.: 16-5083 |
| | § | |
| v. | § | |
| | § | |
| **Household Finance Corp. III,** | § | |
|     Defendant. | § | |

## DEFENDANT HOUSEHOLD FINANCE CORPORATION III'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT

Peter S. Wahby
State Bar No. 2401I 171
wahbyp@gtlaw.com
Joseph P. Griffith
State Bar No. 24045982
griffithj@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Tel: (214) 665-3600
Fax: (214) 665-3601

Shari L. Heyen
State Bar No. 09564750
S.D. Texas Bar No. 13664
heyens@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

ATTORNEYS FOR DEFENDANT
HOUSEHOLD FINANCE
CORPORATION III

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1
II. APPLICABLE LEGAL STANDARD....................................................................................1
III. ARGUMENT AND AUTHORITIES ....................................................................................2
   A. Plaintiff's Complaint is Barred by Res Judicata................................................................ 2
   B. Dismissal of Plaintiff's Bankruptcy Case Supports Dismissing the Adversary Proceeding 4
IV. CONCLUSION......................................................................................................................5

# TABLE OF AUTHORITIES

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..............................................................................................................2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..............................................................................................................2

*Houston Prof'l Towing Ass'n v. City of Houston*,
    812 F.3d 443 (5th Cir. 2016) .........................................................................................2, 3, 4

*Matter of Querner*,
    7 F.3d 1199 (5th Cir. 1993) ...............................................................................................4, 5

*Sheller v. Corral Tran Singh, LLP*,
    No. H-16-976, 2016 WL 4035497 (S.D. Tex. July 28, 2016) ..............................................5

*Warren v. Mortg. Elec. Registration Sys., Inc.*,
    616 F. App'x 735 (5th Cir. 2015) .....................................................................................3, 4

*Wicker v. Seterus, Inc.*,
    No. EP-15-CV-331-KC, 2016 U.S. Dist. LEXIS 59696 (W.D. Tex. 2016) .........................4

**Rules**

Fed. R. Civ. P. 8(a)(2) ....................................................................................................................2
Fed. R. Civ. P. 12(b)(6) ..........................................................................................................1, 2, 5

ii

**DEFENDANT HOUSEHOLD FINANCE CORPORATION III'S**
**MOTION TO DISMISS AND BRIEF IN SUPPORT**

**TO THE HONORABLE JUDGE:**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Household Financial Corporation III ("Household") files this Motion to Dismiss ("Motion") and would respectfully show the Court the following:

**I. INTRODUCTION** Pro Se Plaintiff Don Acquana Wade ("Plaintiff") filed his "Complaint and Request for Injunction and Monetary Damages" ("Complaint" or "New Lawsuit") on October 19, 2016. (Pl.'s Pet., Exh. A). Plaintiff has filed two prior actions against Household contesting the validity of the mortgage loan and Household's ability to foreclose. The Western District of Texas dismissed with prejudice Plaintiff's first action, styled *Don A. Wade v. Household Finance Corporation* (1:15-CV-210) ("*Wade I*"). (Final Judgment from *Wade I*, Exh. B). The Western District of Texas also dismissed with prejudice Plaintiff's second action against Household, styled *Don A. (Jake) Wade v. Household Finance Corporation Ill* (1:15-CV-1086) ("*Wade II*"). (Final Judgment from *Wade II*, Exh. C). In dismissing the second action, Judge Pitman found both suits were barred by res judicata because Plaintiff based his causes of action on the same loan, and raised similar concerns regarding the legality of the foreclosure proceeding and Household's standing to foreclose. (Order from *Wade II* 6-7, Exh. D). On September 11, 2016, this Court terminated the automatic stay, enabling Household to assert its rights under the mortgage to foreclose on the property. (Order Terminating The Automatic Stay Of An Act Against Property of 11 U.S.C. § 362 and § 1301 Co-Debtor Relief Regarding 596 Boulder Lane, Dale, TX 78616, Exh. E).

Dismissal of this action is proper because Plaintiff raises the same issues as those raised in *Wade I* and *Wade II*. Despite his lack of success in his two prior suits, Plaintiff now files this Complaint, asserting the same claims he previously raised against Household. The Western District of Texas has already found these claims to be barred by res judicata. This Court should do the same.

**II. APPLICABLE LEGAL STANDARD** This action should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to state a claim upon which relief can be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). While the court is required to accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff, labels, conclusions, "naked assertions devoid of further factual enhancement" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After removing the conclusory allegations, the complaint must contain sufficient well-pleaded factual allegations to "nudge [plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. ARGUMENT AND AUTHORITIES

#### A. Plaintiff's Complaint is Barred by Res Judicata

Plaintiff's Complaint is barred by res judicata. For the third time, the Complaint raises issues regarding the validity of a mortgage between Plaintiff and Household and Household's ability to exercise its right to foreclose. (*See* Complaint ¶¶ 6, 21-36, exh. A). As Plaintiff has already had an opportunity to litigate these concerns, this Complaint is barred by res judicata. Res judicata precludes a party from relitigating matters which have already been litigated or could have been raised in a prior action. *Houston Prof'l Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016). This is the central basis for res judicata, the purpose of which is to preserve the finality of judgments, conserve judicial resources, and

protect against vexatious lawsuits. *Warren v. Mortg. Elec. Registration Sys., Inc.*, 616 F. App'x 735, 737 (5th Cir. 2015).

> Res judicata requires four elements:
>
> (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.

*Houston Prof'l Towing Ass'n*, 812 F.3d at 447. This Court applies a transactional test to determine whether a subsequent action involves the same claim or cause of action as a previous action. *Id*. This element is satisfied where the cases arise from "the same nucleus of operative facts." *Id*. This nucleus defines the claim, rather than any substantive theories, rights, or types of relief requested in the actions. *Id*. An order granting a motion to dismiss for failure to state a claim is a judgment on the merits and constitutes a final judgment. *Warren*, 616 F. App'x at 738.

This case is similar to the situation presented in *Warren v. Mortgage Electronic Registration Systems, Inc*. In *Warren*, a property owner brought three successive suits against the loan holder in an attempt to block foreclosure on the property. *Warren*, 616 F. App'x at 737-38. The Fifth Circuit found the plaintiff's claims were barred by res judicata because the plaintiff had already brought two prior actions against the loan holder challenging the validity of the loan. *Warren*, 616 F. App'x at 738. Although the plaintiff alleged different causes of action, the Fifth Circuit found that the claims arose out of the same loan and so shared a common nucleus of operative facts. The claims were therefore barred under res judicata. *Id*. at 738.

Just like in *Warren*, res judicata bars Plaintiff's Complaint here. It is indisputable that the claims asserted in the Complaint are raised by the same plaintiff against the same defendant as in *Wade I* and *Wade II*, satisfying the first requirement. *See Houston Prof'l Towing Ass'n*, 815 F.3d at 447. As to the second requirement, a court of competent jurisdiction addressed the two prior actions. (*See* Final Judgment from *Wade I*, exh. B; Final Judgment from *Wade II*, exh. C). It is also indisputable that the Western District of Texas is a court of competent jurisdiction where the court exercises diversity

3

jurisdiction. *See Houston Prof'l Towing Ass'n*, 815 F.3d at 447; *Wicker v. Seterus, Inc.*, No. EP-15-CV-331-KC, 2016 U.S. Dist. LEXIS 59696, *17 (W.D. Tex. 2016 (finding that because the Western District "had diversity jurisdiction, the prior judgment—the dismissal of Plaintiff's claims with prejudice—was rendered in a court of competent jurisdiction"). As to the third requirement, the Western District dismissed both *Wade I* and *Wade II* with prejudice for failure to state a claim. (*See* Final Judgment from *Wade I*, exh. B; Final Judgment from *Wade II*, exh. C). *See Houston Prof'l Towing Ass'n*, 815 F.3d at 447 (stating dismissal for failure to state a claim constitutes a final judgment).

Finally, Plaintiff's claims asserted here and those asserted in *Wade I* and *Wade II* arise from a common nucleus of operative facts. As Judge Pitman noted, Plaintiff's claims challenge the legality of Household's loan and its ability to foreclose—the same loan at issue in *Wade I* and *Wade II*. (Order from *Wade II* 7, exh. D). Plaintiff's claims here, although couched in a request for an injunction, are no different than those raised in the prior actions and indisputably arise out of a common nucleus of operative fact. (*See* Pl.'s First Original Am. Pet. from *Wade I*, exh. F; First Am. Original Pet. for Bill of Review from *Wade II*, exh. G). *See Warren*, 616 F. App'x at 738.

Plaintiff's Complaint raises claims stemming from a common nucleus of operative facts, which have already been asserted in prior suits against Household. These claims have been addressed and dismissed by a court of competent jurisdiction. Plaintiff already had his opportunity to litigate his claims against Household. *See id*. Therefore, Plaintiff's claims are barred by res judicata. *See Houston Prof'l Towing Ass'n*, 815 F.3d at 447.

### B. Dismissal of Plaintiff's Bankruptcy Case Supports Dismissing the Adversary Proceeding

This adversary proceeding should be dismissed because this Court has already dismissed the underlying bankruptcy matter. "As a general rule the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings." *Matter of Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993). The Fifth Circuit considers four factors in determining whether the related adversary matter should be dismissed: judicial efficiency, convenience, fairness, and comity. *Id*. at 1201-1202. A bankruptcy court's

jurisdiction relies on having a sufficient nexus between the adversary proceeding and the bankruptcy case. *Id* at 1201; *Sheller v. Corral Tran Singh, LLP*, No. H-16-976, 2016 WL 4035497, *2 (S.D. Tex. July 28, 2016). These factors weigh in favor of dismissing this adversary proceeding. *Id*. at 1201.

First, there is no advantage for judicial efficiency here should this Court retain jurisdiction over this adversary proceeding. This Court has no special knowledge of this case to justify retaining jurisdiction. *See Matter of Querner*, 7 F.3d at 1202. Retaining jurisdiction of this matter would be judicially inefficient because, as discussed above, Plaintiff's claims are barred by res judicata. Convenience also does not justify retaining jurisdiction over this proceeding. Any inconvenience to Plaintiff in dismissing this proceeding would be slight, especially in light of the consideration that Plaintiff's claims are barred. Neither would dismissal be unfair to Plaintiff—rather, failure to dismiss would be unfair to Household, who is now defending against these claims for the third time. Finally, comity weighs heavily in favor of dismissal. The Western District of Texas has found Plaintiff's claims are barred by his prior suit and Plaintiff now attempts to revive his claims in this Court. Dismissal would be in comity with the Western District's prior decisions relating to Plaintiff's claims.

Neither judicial efficiency, convenience, fairness, or comity weigh in favor of this Court's retention of jurisdiction over this proceeding. *See id*. Therefore, there is not a sufficient nexus for this Court to exercise jurisdiction and this Court should dismiss this proceeding.

**IV.    CONCLUSION** As Plaintiff's asserted claims are barred by res judicata and the underlying bankruptcy case has been dismissed, Plaintiff asserts no cause of action upon which this Court may grant relief. Therefore, this Court should dismiss Plaintiff's petition with prejudice under Federal Rule of Civil Procedure 12(b)(6).

Dated: November 18, 2016                      Respectfully submitted,

By: */s/ Shari L. Heyen*
    Peter S. Wahby
    Attorney-in-charge
    State Bar No. 24011171
    wahbyp@gtlaw.com
    Joseph P. Griffith
    State Bar No. 24045982
    griffithj@gtlaw.com
    **GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Tel: (214) 665-3600
Fax: (214) 665-3601

Shari L. Heyen
State Bar No. 09564750
S.D. Texas Bar No. 13664
heyens@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

**ATTORNEYS FOR DEFENDANT HOUSEHOLD FINANCE CORPORATION III**

6

## CERTIFICATE OF SERVICE

     I certify that on November 18, 2016, I served a copy of the foregoing through the Court's CM/ECF system on all parties. In addition, a copy of the foregoing was served via certified mail, return receipt requested to:

Don A. Wade
*Pro Se*
596 Boulder Lane
Dale, Texas 78616

                                                */s/ Peter S. Wahby*
                                                Peter S. Wahby

DAL 79789344v2