**FILED**
JAN 0 4 2017
U.S. BANKRUPTCY COURT
BY _____ DEPUTY

Case No.: 16-51899-rbk  *16-05083*
Chapter: 13
Hearing Date: 1/9/17
Judge: Ronald B. King

## CERTIFICATION OF CONSENT
## REGARDING CONSENT ORDER

I certify that with respect to the Consent Order of <u>12/19/16</u> submitted by the Court, the following condition has been met:

*If submitting the consent order and this certification to the Court conventionally*, I acknowledge the signing of same for all purposes, including those under Fed. R. Bankr. P. 9011 (sign certification in pen and ink and the Court will scan);

Certification:

Date: Jan 3, 2017

_____
Signature of Pro Se

**Wellness International Network v. Sharif**, 135 S. Ct. 1932 (2015), the U.S. Supreme Court addressed an unresolved question from its decision in Stern v. Marshall, 131 S. Ct. 2594 (2011): whether parties' consent permits a bankruptcy judge to enter a final order or judgment on a claim otherwise requiring Article III adjudication. The court answered in the affirmative, explaining that non-Article III tribunals may enter final judgments on so-called "Stern claims" when litigants provide consent—either express or implied—that is "knowing and voluntary." Id. at 1948. Although the decision answered the constitutional consent question, it provided limited guidance on how to evaluate consent in practice. This article summarizes the decision in Wellness, surveys subsequent lower court decisions and proposed amendments to the Federal Rules of Bankruptcy Procedure that will require parties in adversary proceedings to affirmatively express their consent or nonconsent, and identifies five factors that bear on consent analysis in practice.

Background

Bankruptcy courts' adjudicative authority has been in question since Congress created the modern bankruptcy court system in Bankruptcy Act of 1978 (1978 Act), Pub. L. 95-598, 92 Stat. 2549, granting bankruptcy courts final adjudicative authority over all matters "arising under [the Bankruptcy Code] or arising in or related to a case" under the Bankruptcy Code. 28 U.S.C. §1471(b) (repealed). Within a few years of 1978 Act's enactment, the Supreme Court struck down the grant of authority as unconstitutional and limited bankruptcy courts' authority to enter final orders to matters involving "the restructuring of debtor/creditor relations [that] is at the core of the federal bankruptcy power." Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 71, 76 (1982). In the wake of Marathon, Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA), Pub. L. 98-353, 98 Stat. 3